IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
JIMMY A. HINCK,                          )
                                         )
                 Plaintiff,              )
                                         )   CIVIL ACTION
v.                                       )
                                         )   No. 13-1389-JWL
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security,  )
                                         )
                 Defendant.              )
_____ )
```

MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding a denial of procedural due process, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision, and REMANDING for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff's history of applications for disability benefits has been long and tortuous since his first claim was denied in August, 1995.  (R. 119).  Suffice it to say that

Plaintiff's most recent proceedings before the Commissioner resulted in the denial of SSI and SSD benefits by an Administrative Law Judge (ALJ) in a decision issued on August 9, 2013 after remand from this court. (R. 664-76); see also Hinck v. Astrue, Civ. A. No. 11-1061-JWL, 2012 WL 628250 (D. Kan. Feb. 27, 2012). Since Plaintiff did not appeal the decision after remand to the Appeals Council, and the Council did not take jurisdiction within 60 days, the ALJ's decision became the final decision of the Commissioner after remand, and the court has jurisdiction to review this case. 20 C.F.R. §§ 404.984, 416.1484. Plaintiff presents many allegations of error in the argument section of his brief. Among these is the claim that the ALJ entered a Cooperative Disability Investigations (CDI) report into the administrative record after the ALJ hearing and relied upon that report in his decision in this case without providing Plaintiff notice of the report or an opportunity to be heard with regard to the allegations in the report upon which the ALJ relied. Because the court finds error in this regard which is of Constitutional proportions, it remands for a new hearing consistent with the requirements of due process. Plaintiff may make his other arguments regarding error to the Commissioner on remand.

    The court's review of a decision of the Social Security Administration (SSA) is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial

evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

## II.     Denial of Due Process

Plaintiff's last hearing before an ALJ was held in Topeka, Kansas on March 26, 2013. (R. 664, 688-726).  Plaintiff appeared and testified, and was represented at the hearing by counsel in this case. (R. 688).  At the hearing, medical exhibits B-1F through B-60F were admitted into evidence. (R. 693).  Plaintiff testified that he was interested in hunting and in 2007 and 2008 he had organized some hunting trips wherein he would make the preparations and get the hunters started, but that "[m]ainly they would always

hunt on their own." (R. 702). He testified that he had not spent as much time on it recently. (R. 703). He testified that the only equipment he takes on his hunting trips is pop-up blinds that weigh about four or five pounds and that he just drives the participants right up to the timber, sets up the blinds, and picks them up at the timber when the hunt is over. (R. 715-16).

On March 29, 2013, the Kansas City CDI Unit received a referral from the Topeka ODAR (Office of Disability Adjudication and Review) to investigate how much the claimant is involved in the hunting business. (R. 1456). A report of the investigation was prepared on May 2, 2013, and appears in the record as Exhibit B61F. (R. 1454-64). In his decision, dated August 9, 2013, the ALJ stated that the "claimant has been seen performing heavy lifting, walking long distances over rough terrain, and doing bending, stooping, and crawling," information which was included in the CDI report. (R.673). The ALJ also cited to the CDI report, noting that Plaintiff runs a hunting guide business with his son, recently made a hunting trip to Colorado in which he went horseback riding, "bagged a bull elk, and carried the elk's head and rack out of the woods on his back." (R. 673). He noted that the report indicated that people who knew Plaintiff for years had never known him to have back problems or problems with walking, and indicated that Plaintiff "was able to walk miles through fields and pasturelands carrying buckets of corn, crawling under gates and climbing over gates and fences," and was able to "climb up and hang turkeys from wires attached to beams." (R. 673).

Plaintiff argues that the CDI report was improperly admitted after the hearing, was never proffered to Plaintiff for comment or explanation, and he was never given the opportunity to cross-examine the alleged witnesses. He argues that these fact constitute both a denial of due process and a violation of the SSA's Hearings, Appeals, and Litigation Law Manual (HALLEX). He argues that the HALLEX manual requires the ALJ to notify the claimant if new evidence is being developed, reopen the record if additional evidence is to be received, and allow the claimant to refute the evidence, submit additional evidence, request a supplemental hearing, or to cross-examine witnesses. (Pl. Br. 24-25).

Plaintiff next argues that reliance on a post-hearing report to deny Social Security benefits constitutes a denial of due process if the ALJ fails to notify the claimant of the new evidence, and fails to provide an opportunity to be heard to deny or refute the evidence. (Pl. Br. 25-26) (citing Gullo v. Califano, 609 F.2d 649, 650 (2d Cir. 1979), and quoting Allison v. Heckler, 711 F.2d 145, 146-47 (10th Cir. 1983)).

The Commissioner states that the error of which Plaintiff complains is a violation of his due process rights under the HALLEX Manual, and argues that in order to benefit from such an error, Plaintiff must articulate prejudice flowing from the failure to follow HALLEX procedures. She argues that Plaintiff cannot show such prejudice because SSA is permitted to conduct fraud investigations and because the information in the CDI report is "consistent with Plaintiff's own statements and the other evidence of record." (Comm'r Br. 12).

The court disagrees with the Commissioner. The prejudice of which Plaintiff complains is the very heart of due process. The Commissioner made a decision based upon information of which Plaintiff was not informed and to which Plaintiff was not permitted to object, refute, correct, or otherwise respond. If such is permitted, there is no reason to allow a claimant to appear, testify, or provide evidence in any disability hearing. If the information in the CDI report were <u>identical</u> to Plaintiff's testimony at the hearing or to the other evidence in the record, Plaintiff would have no basis to complain because he was afforded notice of the other evidence in the record and had already availed himself of the opportunity to be heard on that evidence. But, it is fundamentally unfair to blindside a claimant and make a decision regarding benefits based upon information the existence of which he is unaware and of which he has been effectively prohibited from refuting. While disability benefits are not a constitutional right, and their provision is a creature of statute, "the 'right' to Social Security benefits is in one sense 'earned.'" <u>Flemming v. Nestor</u>, 363 U.S. 603, 610 (1960). And, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const., amend. V. Procedural due process is of Constitutional proportions, and the court need not look to the HALLEX manual to determine that it has been denied in the circumstances of this case.

Adjudicative proceedings before the Commissioner are subject to procedural due process considerations. <u>Perales</u>, 402 U.S. at 401-02. The question, then, is what procedural due process requires with respect to evidence admitted into the record after a hearing has been completed. As Plaintiff's Brief suggests, in 1979 the Second Circuit

decided that it was a denial of due process for an ALJ to accept a medical report into the record after a hearing and to rely upon that report to find no disability without offering the claimant an opportunity to examine or challenge the report prior to the decision denying the claim.  Gullo, 609 F.2d at 650.

In 1983, the Tenth Circuit reached the same conclusion in Allison, 711 F.2d at 147.  That court based its decision in part on the fact that the Act requires "reasonable notice and opportunity for a[n ALJ] hearing" after a decision denying disability at the agency level.  Id. (quoting 42 U.S.C. § 405(b)(1)).  The court went on to note that the Commissioner "is clearly mandated by statute to determine a claimant's disability "on the basis of evidence adduced at the hearing."  Id. (quoting 42 U.S.C. § 405(b)(1)).  In a footnote, the court rejected the SSA's argument that the regulations allow a decision to be made "based on evidence offered at the hearing or otherwise included in the record."  Id. n.2. (quoting 20 C.F.R. § 404.953(a) (1982)[1]) (emphasis added).  The court explained, "a federal regulation may not be interpreted in a manner at odds with the [Commissioner's] statutory authority and the Constitution.  If the ALJ's decision is based on evidence 'otherwise included in the record,' the regulation must be construed to require that this evidence be gathered and presented to the claimant prior to the hearing."  Allison, 711 F.2d at 147.

---

[1] The current regulation includes language identical to that quoted above.

The court sees no reasonable basis to distinguish <u>Allison</u> from this case. The fact that <u>Allison</u> concerned the report of a consultative examination performed after the hearing, whereas this case concerns the report of an investigation completed after the hearing is of no import to the due process right at issue here. In fact, in <u>Allison</u>, the plaintiff was aware that a report was forthcoming because after the hearing she had been sent to the physician for a consultative examination, and it could be argued that she should have asked for a copy of the report, and affirmatively sought an opportunity to respond. Here, on the other hand, Plaintiff had no reason to know that an investigation was taking place, and knew nothing of the matter until after the decision was issued.

Moreover, the regulations support the court's interpretation because they provide that an "Administrative Law Judge may also reopen the hearing at any time before he or she mails a notice of the decision in order to receive new and material evidence." 20 C.F.R. §§ 404.944, 416.1444. Here, the hearing had been closed for more than a month when the ALJ accepted the report into the administrative record, but he did not reopen the hearing. Because a party must affirmatively waive appearance at a hearing, the court concludes that the claimant must be given the opportunity to appear or to waive his appearance at a reopened hearing. <u>Id.</u> §§ 404.948(b), 404.950, 416.948(b), 416.950.

The ALJ's acceptance of the CDI report, and his reliance upon that report without first providing notice to plaintiff, and an opportunity to be heard on the issue, constitutes a denial of procedural due process, and requires remand for a hearing at which Plaintiff may refute, explain, deny, or rebut the CDI report. Relying on <u>Allison</u>, Plaintiff suggests

that the court should order the Commissioner to allow him to subpoena and cross-examine the CDI investigators and witnesses.  The court acknowledges that subpoenas and cross-examinations may be a basis to refute or rebut the report, but also notes that it may be inappropriate in the circumstances to require a mini-trial on an investigative report within a disability hearing.  Moreover, the regulations provide for subpoenas and cross-examination in appropriate circumstances, and the court believes the better approach is to allow the Commissioner to make such decisions in the first instance.  Id. §§ 404.950, 416.1450.  After the Commissioner considers and decides those issues and makes her final decision after remand, Plaintiff may seek judicial review if he believes he did not receive the process due under the circumstances.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision, and REMANDING the case for further proceedings consistent with this opinion.

Dated this 27th day of February 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**