# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JIMMY ALLEN HINCK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 13-1389-JWL** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on "Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act" (EAJA) (28 U.S.C. § 2412) (Doc. 29).

As a preliminary matter, the court notes that although the Commissioner's response to Plaintiff's application for fees indicates that counsel for the Commissioner conferred with Plaintiff's counsel regarding the fee award in accordance with D. Kan. Rule 54.2(a) (Doc. 32), the record reveals that Plaintiff's counsel did not follow the requirements of Local Rule 54.2 regarding "Award of Statutory Attorney's Fees." D. Kan. R. 54.2. That rule requires the party who makes a motion for statutory attorney's fees to "promptly initiate consultation with the other party," id. 54.2(a), and if the parties do not reach agreement regarding fees, the moving party is required to file a statement to

that effect, and a memorandum providing the factual basis for the fee award criteria.  Id. 54.2(c).  "The statement of consultation must set forth the date of consultation, the names of those who participated, and the specific results achieved."  Id. 54.2(d).  The Rule contemplates that the statement of consultation and the memorandum providing the factual basis for the fee award criteria will be provided in Plaintiff's memorandum in support of his fee request.  Therefore, as an exception to Rule 7.1(a) it provides that the memorandum in support of the fee request "need not be filed at the same time as the motion" for attorney fees, id. 54.2(e), and that the statement of consultation and memorandum providing the factual basis for the fee award criteria need be filed only "within 30 days of filing the motion."  Id. 54.2(c).  Plaintiff has not filed a statement of consultation informing the court of the date of consultation, names of the participants, or the specific results achieved, perhaps because counsel filed his memorandum in support of his motion as a part of the motion.  (Doc. 29).  In any case, Plaintiff's counsel did not comply with the local rule.  In the future, counsel will be expected to do so, and to inform the court accordingly.

The Commissioner does not argue that the hourly rate requested by counsel is unreasonable or that the position taken by the government was "substantially justified." Rather, she argues that 59.05 hours is an excessive amount of attorney time in the prosecution of this case.  The matter has been fully briefed and is ripe for a decision.  The court finds that Plaintiff's counsel expended fifteen hours more time than was reasonably necessary to research and write his Social Security Brief and his Reply Brief, and orders

that fees in the amount of $9,499.60 shall be awarded to Plaintiff for the purpose of compensating his attorney.

## I.      Background

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits and supplemental security income benefits.  (Doc. 1).  The Commissioner answered and filed the transcript of record with the court.  (Docs. 9, 10).  After briefing was complete, the court found a denial of procedural due process in the Administrative Law Judge's admission of a Cooperative Disability Unit Investigative Report into the record after Plaintiff's disability hearing, and reliance upon the findings of that report without proffering the report to Plaintiff or allowing him to respond to the findings of that report.  (Doc. 27).  Plaintiff now seeks payment of attorney fees pursuant to the EAJA.  (Doc. 29).

Plaintiff's counsel, Mr. David H. M. Gray, has established by attachments to his motion and statements in his reply that:  (1) he represents plaintiff in this matter, (2) that compensation in excess of $125.00 is justified by increases in the cost of living, and (3) he expended sixty-five and eight-tenths hours in representing plaintiff including: (a) fifty-seven and fifty-five-hundredths hours in case preparation before this court, and (b) eight and twenty-five hundredths additional hours in preparation and defense of the EAJA fee application.

## II.      Legal Standard

The court has a duty to evaluate the reasonableness of every fee request.  Hensley
v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The EAJA,[1] 28 U.S.C. § 2412(d)(1)(A),
requires that a court award a fee to a prevailing plaintiff unless the court finds that the
position of the United States was substantially justified.  Gilbert v. Shalala, 45 F.3d 1391,
1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th
Cir. 1991)).  The test for substantial justification is one of reasonableness in law and fact.
Id.  The Commissioner bears the burden to show substantial justification for her position.
Id.; Estate of Smith, 930 F.2d at 1501.  The maximum fee of $125 per hour provided in
§ 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living.  Harris v.
R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii).

The party seeking attorney fees bears the burden of proving that his request is
reasonable and must "submit evidence supporting the hours worked."  Hensley, 461 U.S.
at 433, 434.  The objecting party has the burden to challenge the portion of the fee which

---

[1]In relevant part, the EAJA states:

(d)(1)(A) . . . a court shall award to a prevailing party other than the United
States fees and other expenses . . . unless the court finds that the position of
the United States was substantially justified or that special circumstances
make an award unjust. . . .

(2)(A) For the purposes of this subsection--

. . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless
the court determines that an increase in the cost of living or a special factor,
. . . justifies a higher fee.

28 U.S.C. § 2412.

must be defended.  Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

Although the court accepts Plaintiff's assertion that the objecting party must challenge the

fee request, the court notes that it "has found no Tenth Circuit opinion adopting this

burden shifting or defining what level of specificity is required" of the objecting party.

Coleman v. Astrue, Civ. A. No. 06-2427-JWL, 2008 WL 234404, *3 (D. Kan. Jan. 28,

2008).  In any case, "[o]nce the adverse party raises objections to the fee request, the

district court has a great deal of discretion to adjust the fee award in light of those

objections."  Id. (quoting Rode v. Dellarciprete. 892 F.2d 1177, 1183 (3d Cir. 1990)

(emphasis in Coleman).

## III.    Discussion

### A.    Arguments

The Commissioner argues that the time counsel charges for preparing his case-in-

chief before this court is excessive.  She points out that counsel argued he is an

experienced Social Security practitioner and that he was able to handle this case with

greater efficiency than a less experienced practitioner could have.  She argues that this

very experience weighs against the need for such extensive research and drafting as

charged by counsel.  She further argues that counsel has represented Plaintiff in these

Social Security proceedings since April 2008, and should have been sufficiently familiar

with the facts and issues in this case to expend less time than charged for his case

preparation.  She argues that the court remanded this case to the agency because of a due

process violation about which counsel argued in only two pages of his 34-page opening

brief and in but a single paragraph of his 13-page Reply Brief.  She suggests that this case was sufficiently complex to justify attorney hours at the top end of the normal range of thirty to forty hours for Social Security case preparation, but no more.

Plaintiff argues that the Commissioner failed to object to the requested fee with sufficient specificity, and her arguments should not be considered by the court.  He argues that the record in this case, at 1,472 pages, qualifies as non-typical, long, and complex. He points to twenty-eight alleged errors in the ALJ's decision which he addressed in his briefing, and argues that the record encompasses many years, thus requiring significant back-and-forth, and cross checking in his research and writing.  Finally, he argues that although the court based its decision on a due process error, that does not negate that he had to address all of the other errors in the decision.

### B.    Analysis

The court agrees with Plaintiff that this case is complex, is not a "typical" Social Security case, and counsel needed to brief more than the due process issue.  For those reasons, more than forty hours of attorney time is clearly justified.  But, the court agrees with the Commissioner that 65.8 hours are not justified, even in the circumstances of this case.  As the Commissioner pointed out, counsel is an experienced Social Security practitioner and that fact should have had a greater effect on reducing the hours expended. Moreover, counsel has represented Plaintiff in proceedings on this matter, both before this court and before the Commissioner, since 2008.  That fact should have increased his familiarity with the facts and reduced the time necessary to review the record and to

identify and address issues raised in his Reply Brief.  The court notes that the time records of this case reflect 38.95 hours to read, research, and prepare just the Social Security Brief in this case.  That includes a single block of ten hours on April 29, 2014 to "read record and research."  (Doc. 29, Attach 2, p.3).  Moreover, the time records reflect 16.50 hours to read the Commissioner's Brief, and research, write, edit, and revise the Reply Brief.  The court believes that time for preparation of Plaintiff's Social Security Brief should be reduced by ten hours, and that five hours should be reduced from the time expended on the Reply Brief.

Therefore, the court finds that in the circumstances of this case counsel reasonably expended 50.80 hours of attorney time in preparing the case-in-chief and in supporting the EAJA fee request.  At the admittedly reasonable rate of $187.00 per hour, the court finds that a reasonable fee in this case is $9,499.60.

**IT IS THEREFORE ORDERED** that plaintiff's motion for attorney fees (Doc. 29) is GRANTED IN PART, and that fees shall be awarded to Plaintiff in care of his attorney in the sum of $9,499.60.

Dated this 27th day of October 2015, at Kansas City, Kansas.


s:/   John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**